IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NICK JAMES GONZALES,

       Petitioner,

vs.                                      No. CV 17-01027 JCH/KRS

ATTORNEY GENERAL STATE OF NEW
MEXICO, NEW MEXICO DEPARTMENT
OF CORRECTIONS, FNU LNU SECRETARY
OF CORRECTIONS,

       Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the Petition for Writ of Mandamus filed by Nick James Gonzales (Doc. 1) ("Petition"). Petitioner Gonzales fails to establish a right to mandamus relief and the Court will dismiss his Petition for failure to state a claim on which relief can be granted.

Petitioner Nick James Gonzales is a prisoner incarcerated at the Penitentiary of New Mexico. (Doc. 1 at 1). Petitioner Gonzales is also a frequent litigator in this Court. *See Gonzales v. Hatch,* No. CV 13-00305 RB/GBW, *Gonzales v. Franco,* No. CV 14-01001 MV/KBM, *Gonzales v. Franco,* No. CV 14-01163 JB/SMV, *Gonzales v. Corizon Health Care Providers,* No. CV 15-00890 WJ/GJF, *Gonzales v. Penitentiary of New Mexico,* No. CV 16-01275 WJ/LF, *Gonzales v. Loya,* No. CV 16-01388 WJ/GJF, *Gonzales v. Robinson,* No. CV 16-1409 JCH/GBW*, Gonzales v. Attorney General,* No. CV 17-01027 JCH/KRS (this case), *Gonzales v. Hatch*, No. CV 18-00283 KG/KRS, and *Gonzales v. Centurion Corr. Health Care of New Mexico,* No. CV 18-00453 RB/JHR. In this case, Gonzales seeks mandamus relief from the Court:

> "Petitioner respectfully asks this Court to issue writ of mandamus, and defendants ordered to investigate make changes with approval of the Court and Plaintiffs, which (illegible) illegal occurrences, deters abuse of prisoners by prison staff, a means independent of prison officials where allegations can be presented, and investigated not covered up."

(Doc. 1 at 3). The Petition sets out a number of generalized allegations against prison staff, including failing to adequately respond to grievances, failing to provide legal statutes, rules and constitutions, and ignoring requests for copying and notary services. (Doc. 1 at 4-5).

Mandamus is an extraordinary remedy. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus will "issue only to compel the performance of a clear nondiscretionary duty." *Pittston Coal Group v. Sebben,* 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988) (quotation omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate [available] remedy...." *Wilder v. Prokop,* 846 F.2d 613, 620 (10th Cir.1988). To be eligible for relief, then, Petitioner must establish that the respondent's duty to perform the act in question is plainly defined and peremptory, that he has a clear right to relief, and that he has no other adequate remedy. *Rios v. Ziglar,* 398 F.3d 1201, 1206 (10th Cir.2005).

The Petition filed by Gonzales does not establish any of the requisite conditions for relief under 28 U.S.C. § 1361. First, the acts he seeks to have Respondents perform are vague and generalized, and he provides no authority imposing a peremptory duty on Respondents to perform any of the actions he identifies. There is no plainly defined and peremptory duty on the part of the Respondents to do the actions in question. *Marquez-Ramos v. Reno,* 69 F.3d 477, 479 (10th Cir.1995).

He also presents the Court with no authority establishing that he is clearly entitled to the relief he requests and that he has no other adequate remedy. To the contrary, mandamus does not afford him a clear right to relief on his claims relating to conditions of his confinement and those claims are more properly remedied through a prisoner civil rights case under 42 U.S.C. § 1983. See *Rios v. Ziglar,* 398 F.3d at 1206; *United States v. Dotson*, 430 F. App'x 679, 683 (10th Cir. 2011). Petitioner Gonzales has not established that his right to mandamus relief is clear and indisputable. *In re Stine*, 2010 WL 2925944, at *1 (10th Cir. 2010). The Petition fails to state any claim for mandamus relief under 28 U.S.C. § 1361 and the Petition will be dismissed by the Court.

Ordinarily, the Court is to allow a pro se prisoner the opportunity to remedy the defects in his pleading. *See Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991); *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). However, as noted above, Petitioner Gonzales has already filed numerous actions in this Court, including civil rights claims relating to the conditions of his confinement under 42 U.S.C. § 1983. It can be inferred from his Petition that he seeks mandamus relief in order to circumvent prior adverse rulings by this Court. *See* Doc. 1 at 5 ("failure negatively impacted me (and the outcome of a case")). The Petition wholly fails to establish any right to mandamus relief and the Court will not grant Petitioner leave to amend the Petition. *Hall v. Bellmon,* 935 F.2d at 1109.

**IT IS ORDERED** that the Petition for Writ of Mandamus filed by Nick James Gonzales (Doc. 1) is **DISMISSED** with prejudice under 28 U.S.C. § 1915A and 28 U.S.C. § 1361.

_____
UNITED STATES DISTRICT COURT JUDGE